# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-CR-334** |
| | : | |
| v. | : | **MAGISTRATE NO. 21-MJ-230** |
| | : | |
| **DALE JEREMIAH SHALVEY,** | : | **VIOLATIONS:** |
| | : | 18 U.S.C. § 231(a)(3) |
| and | : | (Civil Disorder) |
| | : | 18 U.S.C. § 111(a)(1) |
| **TARA AILEEN STOTTLEMYER** | : | (Assaulting, Resisting Certain Officers or |
| Defendants. | : | Employees) |
| | : | 18 U.S.C. § 1512(c)(2), 2 |
| | : | (Obstruction of an Official Proceeding) |
| | : | 18 U.S.C. § 661 |
| | : | (Theft of Personal Property Within Special |
| | : | Maritime and Territorial Jurisdiction) |
| | : | 18 U.S.C. § 1001(a)(2) |
| | : | (False Statements) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(A) |
| | : | (Entering and Remaining on the Floor of |
| | : | Congress) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in a Capitol Building) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parading, Demonstrating, or Picketing in |
| | : | a Capitol Building) |

## GOVERNMENT'S MOTION TO SEAL SUPERSEDING INDICTMENT AND DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the Superseding Indictment, this

1

motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrant for the defendant, **TARA AILEEN STOTTLEMYER**, is executed, at which time the Superseding Indictment and related documents shall be automatically unsealed. In support thereof, the Government states as follows:

1. The United States is investigating allegations that Dale Jeremiah Shalvey and Tara Aileen Stottlemyer willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. § 111(a)(1); 18 U.S.C. § 231(a)(3); 18 U.S.C. § 661; 18 U.S.C. § 1001(a)(2); 18 U.S.C. § 1512(c)(2), 2; 18 U.S.C. §§ 1752(a)(1)-(2); and, 40 U.S.C. §§ 5104(e)(2)(A), (D) and (G).

Dale Jeremiah Shalvey has already been indicted in the above matter. Tara Aileen Stottlemyer has not been indicted in this matter, and the government has requested a warrant for the defendant's arrest.

2. The FBI has received information that since the incident surrounding the charges, that Shalvey and Stottlemyer married and moved to North Carolina and reside together. Additionally, upon investigation, it appears as if Stottlemyer has been in possession of a pre-paid cell phone also known as a "burner" phone since she participated in the January 6, 2021 riots as alleged in the Superseding Indictment.  The public disclosure of the Superseding Indictment could compromise law enforcement's ability to safely arrest Stottlemyer on the charges alleged in the Superseding Indictment, especially considering that her co-defendant Shalvey has been charged with assaulting a law enforcement in this case.   Thus, a sealing order is necessary for public safety and to avoid Stottlemyer fleeing from prosecution and thus delaying a trial in this matter.

3. As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999),

there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4. In this matter, the United States has a compelling interest in arresting the defendant. A limited sealing order ensuring that filings related to the Superseding Indictment and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal a Superseding Indictment and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest them. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Superseding Indictment and Arrest Warrant.

5. To ensure that the Superseding Indictment and related documents are unsealed promptly upon the arrest of the defendant, the government requests that these documents be automatically unsealed by operation of the Court's order, and that the government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the Superseding Indictment,

the arrest warrant, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrant for the defendant **TARA AILEEN STOTTLEMYER** has been executed, at which time the Superseding Indictment and related documents shall be automatically unsealed and may be publicly shared by the government.

    Respectfully submitted,

    CHANNING D. PHILLIPS
    ACTING UNITED STATES ATTORNEY
    D.C. Bar No. 415793

    /s/*Anthony L. Franks*
By:  ANTHONY L. FRANKS
    Missouri Bar No. 50217MO
    Assistant United States Attorney
    Detailee-Federal Major Crimes
    United States Attorney's Office
    111 South 10th Street
    St. Louis, Missouri 63110
    Telephone No. (314) 539-3995
    anthony.franks@usdoj.gov