UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                    ) | Case No. 21-cr-00334-TJK |
| ) | |
| TARA STOTTLEMYER       ) | |
| ) | |
| ) | |
| Defendant            ) | |
| ) | |

# DEFENDANT TARA STOTTLEMYER'S PETITION TO SET ASIDE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

Comes now defendant Tara Stottlemyer, by and through her undersigned counsel of record William L. Shipley, and respectfully moves this Court to vacate, set aside, or correct her sentence pursuant to Title 28, United States Code, Section 2255.

I. **INTRODUCTION**

Defendant Stottlemyer is currently incarcerated in the Federal Detention Center in Philadelphia, Pennsylvania, serving her custodial term of 8 months. She self-surrendered to the facility on December 6, 2023.

On December 14, 2023, the United States Supreme Court accepted the Petition for Certiorari in *United States v. Fischer*, agreeing to review the constitutionality of the Justice Department's charging of violations of 18 U.S.C. Sec. 1512(c) in connection with the events at the United States Capitol on January 6, 2023.

Even though Defendant Stottlemyer's only count of conviction is a violation of Sec. 1512(c)(2), Defendant's trial counsel failed to file a protective Notice of Appeal following her sentencing and the filing of the Judgment and Conviction.  Counsel should have been aware of the need to do so given that the Circuit Court of Appeals had issued a fractured decision in *United States v. Fischer* approximately one month prior to Defendant Stottlemyer's sentencing hearing.

In addition, Defendant Sottlemyer's trial counsel told her that it was necessary for her to admit that she "intended" to obstruct an official proceeding under the terms of the plea agreement notwithstanding the fact that during the Rule 11 plea colloquy Defendant Stottlemyer denied having that intent when

2

entering the Capitol. After the Court directed the parties to confer in a break-out room during the teleconference, Defendant Stottlemyer's trial counsel advised her that she had to admit she intended to obstruct the official proceeding, and that her intent could be "inferred" from her mere presence inside the Capitol on January 6. Based on that exchange, Defendant Stottlemyer confirmed to the Court that she "intended" to obstruct an official proceeding as directed by her counsel.

## II.     RELEVANT PROCEDURAL HISTORY

Defendant Stottlemyer was charged by Second Superseding Indictment on November 10, 2021. ECF No. 39.

On October 3, 2022, Defendant Stottlemyer entered a plea of guilty to Count Three of the Second Superseding Indictment charging her with a violation of 18 U.S.C. Sec. 1512(c)(2), pursuant to a written plea agreement. ECF No. 71. The terms of the plea agreement included a written waiver of certain appeal rights.

On May 11, 2023, this Court sentenced Defendant Stottlemyer to 8 months of custody, followed by 24 months of Supervised Release with conditions as stated.

No notice of appeal was filed by, or on behalf of Defendant Stottlemyer.

On December 6, 2023, Defendant Stottlemyer reported to the Federal Detention Center in Philadelphia, Pennsylvania as directed by the Bureau of Prisons to begin serving her custodial term of imprisonment.

## III.     ARGUMENT

###     A.     Legal Standard for Relief Under Section 2255

A defendant may move to vacate, set aside, or correct his sentence if (1) the sentence was imposed "in violation of the Constitution or laws of the United States"; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The defendant bears the burden to prove his right to relief by a preponderance of the evidence. *United States v. Baugham*, 941 F. Supp. 2d 109, 112 (D.D.C. 2012).

> "[T]he petitioner seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence." *Winchester v. United States*, 477 F. Supp. 2d 81, 83 (D.D.C. 2007) (citing *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973)). Specifically, he "must show `a fundamental defect, which inherently results in a complete miscarriage of justice' or `an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Weaver*, 112 F. Supp. 2d 1, 6 (D.D.C. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).
>
> *Bedewi v. United States*, 583 F. Supp. 2d 72, 79 (D.D.C. 2008).

1. <u>Claims Raising Ineffective Assistance of Counsel</u>

To prevail on a claim of ineffective assistance of counsel, a petitioner "must prove both incompetence and prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). The petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). That sets a high bar, as a court's evaluation of counsel's actions "must be

4

highly deferential," and is assessed under the circumstances present at the time of representation without the benefit of hindsight.  Id. at 689.

Furthermore, a "reasonable probability" under *Strickland's* second prong is one that is "sufficient to undermine confidence in the outcome." Id. at 694. To establish prejudice, the petitioner must show there is "a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotations and modifications omitted).

Deficiency of performance is established by demonstrating "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*.  More specifically, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688, 104 S.Ct. 2052.

Prejudice is established by demonstrating that as a result of counsel's errors, the petitioner was deprived of a fair proceeding.  *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This requires the defendant to show that "but for trial counsel's error[,] there is a reasonable probability that a more favorable outcome for the defendant would have likely resulted.  *Id*. at 694, 104 S.Ct. 2052.

        a.    Defendant Stottlemyer's Trial Counsel Was Ineffective for Failing to File a Timely Notice of Appeal Following the Imposition of Sentence.

Defendant Stottlemyer was sentenced on May 11, 2023. The Memorandum of Plea Agreement included a "waiver" of appeal rights. ECF No. 71, Par. 10(c).

Judgment was entered by the Court on May 15, 2023. ECF No. No. 114.

Prior to those dates, on April 7, 2023, the Circuit Court of Appeals for the District of Columbia issued its decision in *United States v. Fischer*, CA No. 22-2038. While the outcome was a 2-1 decision upholding use of Sec. 1512(c)(2) and remanding the case back to the District Court, one Judge agreed that the statute was being used inappropriately on the facts, and the three separate opinions written by the three Judges did not produce a consistent legal rationale that upheld DOJ's use of the statute to charge protesters like Defendant Stottlemyer for acts on January 6.

The nature of the disagreements reflected in the three opinions made further litigation over the use of Sec. 1512(c)(2) almost certain. Notwithstanding the cloud created by the three opinions, counsel for Defendant Stottlemyer failed to file a protective Notice of Appeal within the time provided by Federal Rule of Appellate Procedure 4(b). Such a Notice of Appeal should have been filed regardless of the possibility that it might have been subject to a motion to dismiss in the Appeals Court. Defendant Stottlemyer now may face legal hurdles in seeking to apply any favorable outcome from the Supreme Court's decision in *Fischer* – expected to be decided in June 2024 – to her case since it will be "final" and not pending on appeal. A decision is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for *certiorari*

6

finally denied.  *Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1982)(citations omitted).

In *United States v. Johnson*, 457 U. S. 537 (1982), the Supreme Court reviewed the area of retroactivity of new Court decisions on constitutional issues and concluded that the retroactivity analysis for convictions that have become final must be different from the analysis for convictions that are not final at the time the new decision is issued.  Because no Notice of Appeal was filed, Defendant Stottlemyer now finds herself in this second, less-favored class of Defendants, and may not benefit from a favorable outcome in *Fischer* as she would have if her case was pending in the Appeals Court.

> b. Defendant Stottlemyer's Prior Counsel Was Ineffective For Failing To Consult With Her After Sentencing About Whether To File A Notice of Appeal Irrespective of the Waiver in Her Plea Agreement.

The Plea Agreement contains a provision that purports to be a waiver of appeal.  Trial counsel for Defendant Stottlemyer did not explain the scope and meaning of the waiver at the time she was counseled to enter into the plea agreement to resolve her case.  More significantly, trial counsel did not review the significance of the appeal waiver at the time of sentencing or during the period within which a Notice of Appeal had to be filed.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000), the Supreme Court applied *Strickland* to an ineffective assistance claim involving a defendant who did not give his attorney instructions on whether to file a timely notice of appeal. *Id*. at 476-87, 120 S.Ct. 1029. The defendant in that case

neither asked his lawyer to file a timely notice of appeal nor consented to the failure of counsel in not filing one. *Id.* at 475, 120 S.Ct. 1029.

On appeal the Ninth Circuit held that the defendant was deprived of the effective assistance of counsel, holding that an attorney must file a timely notice of appeal unless the defendant specifically instructs otherwise. *Flores-Ortega*, 528 U.S. at 476, 120 S.Ct. 1029.

In reviewing the question, the Supreme Court began its performance analysis by noting that an attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner. *Id.* at 477, 120 S.Ct. 1029. The Court also noted that an attorney is under no obligation to file a notice of appeal where the defendant explicitly instructs his attorney not to file one. *Id.* The deficient performance issue raised in *Flores-Ortega* — was the attorney constitutionally deficient for not filing a notice of appeal where the defendant had not conveyed or clearly conveyed his appellate wishes — fell "somewhere between" these two principles. *Id.*

The Court rejected the bright-line performance rule applied in the Ninth Circuit as "inconsistent with *Strickland's* holding that `the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Id.* at 478, 120 S.Ct. 1029 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). Instead, in certain circumstances, an attorney is constitutionally required to at least "consult" with the defendant about the advantages and disadvantages of appealing a conviction and/or sentence and to discover the defendant's appellate wishes. *Id.* at 478, 120 S.Ct. 1029. The

8

Court stated that an attorney <u>must</u> consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing. *Id.* at 480, 120 S.Ct. 1029.

The Court found several factors to be relevant when assessing an attorney's duty to consult, including whether the conviction followed a trial or guilty plea. *Id.* In cases involving guilty pleas, the Court instructed lower courts to consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." *Id.*

While Defendant Stottlemyer did plead guilty, and the sentence imposed was consistent with expectations as contemplated by both parties and reflected in the written agreement, the *Fischer* decision from the Circuit Court was a significant change in circumstances after the plea agreement and before sentencing.  Defendant Stottlemyer's trial counsel should have consulted with her, explained the outcome of *Fischer,* discussed the fact that three divergent opinions likely created more uncertainty than was solved by the outcome of the case and that it might be advisable to file a protective Notice of Appeal while the issues were further clarified.  Even though more than a month passed between the Circuit Court decision in *Fischer* and Defendant Stottlemyer's sentencing, and another two weeks were available before the deadline for filing the notice of appeal, Defendant Stottlemyer was never told of the possible implications of the *Fischer* decision on her case and sentence.

The failure to provide sufficient legal advice and counsel on so fundamental an issue has been recognized in this Circuit as a basis for a challenge to the sentence under Sec. 2255, including the entitlement to hearing on such facts.  "[T]he Circuit has "exhort[ed] all defense counsel in this circuit to follow that practice," see *United States v. Taylor*, 339 F.3d 973, 982 (D.C. Cir. 2003), an attorney is not required to consult with her client regarding an appeal in every case…" *United States v. Bush-Bronson*, 2019 WL 2881482, *8 (D.D.C. July 3, 2019).

In *Bush-Bronson* the Court carefully reviewed what a competent counsel must do in the scenario where there are meaningful issues to discuss in terms of a possible appeal without regard to whether or not there is an appeal waiver in a plea agreement – that is a factor, but it is not the decisive factor for consideration.  *Bush-Bronson*, *3 ("[T]he Supreme Court noted that filing a notice of an appeal is a "simple, nonsubstantive act" that is not necessarily a frivolous quest in the appeal waiver context because some claims may not have been waived, or a prosecutor may waive the waiver."].

With respect to Counsel's duty to consult, the Court in *Bush-Bronson* wrote:

> The third scenario -- "when the defendant has not clearly conveyed [her] wishes one way or another" -- requires more analysis.  *Id*.  The court must first determine "whether counsel in fact consulted with the defendant about an appeal." [*Roe v. Flores-Ortega*,] at 478.  A consultation occurs when an attorney advises "the defendant about the advantages and disadvantages of taking an appeal and mak[es] a reasonable effort to discover the defendant's wishes." *Id*.  If counsel consulted with the defendant regarding the appeal, counsel performs in an unreasonable manner "only by failing to follow the defendant's express instructions with respect to an appeal." *Id*.  If counsel did not consult with the defendant, the court must determine whether the failure

to consult constitutes deficient performance. *Id*. Counsel performs deficiently where (1) a "rational defendant would want to appeal," or (2) a "particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Id*. at 480.

*Bush-Bronson*, 2019 WL 2881482, *3.

As noted above, Defendant Stottlemyer signed her written plea agreement on September 23, 2022. ECF Doc. No. 71. She entered her guilty plea on October 3, 2022. She was sentenced on May 11, 2023.

The legal issues surrounding the continued vitality of Sec. 1512(c)(2) – the only count to which she pled guilty – changed significantly during that 10-month period. Without an appeal pending, her case is now "final" and a different set of procedural issues will arise in the event the Supreme Court reverses the conviction in *Fischer*.

Further, had a protective Notice of Appeal been filed then Defendant Stottlemyer would almost certainly be eligible for release pending the outcome of *Fischer* since her conviction on the 1512(c)(2) count is the only basis upon which she is incarcerated.

## CONCLUSION

Based on the foregoing, Defendant Tara Stottlemyer moves this Court to grant her relief pursuant to 28 U.S.C. Sec. 2255 based on ineffective assistance of counsel, and Order that a Notice of Appeal be filed *nunc pro tunc.*

Dated: February 28, 2024            Respectfully Submitted,

                                    /s/ William L. Shipley
                                    William L. Shipley, Jr., Esq.
                                    PO BOX 745

Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*