UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00334-TJK |
| ) | |
| TARA STOTTLEMYER ) | |
| ) | |
| Defendant ) | |

**DEFENDANT TARA STOTTLEMYER EMERGENCY MOTION FOR BAIL**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Defendant Tara Stottlemyer respectfully makes this **EMERGENCY MOTION** to the Court for release pending appeal, pursuant to 18 U.S.C. Sections 3141(b) and 3143(b), and Fed. R. Crim. P. 46(c) & 38(b)(1). Stottlemyer satisfies the criteria for release, as she poses no flight or safety risk, and she raises a substantial question of law which, if decided in her favor, would likely result in the reversal of her conviction and vacating her sentence. But her term of imprisonment is likely to be fully served before the issue taken up by the Supreme Court is resolved such that she would be denied the benefit from the reversal of her conviction.

In particular, a substantial question exists as to whether the statute underlying Stottlemyer's only felony conviction -- 18 U.S.C. § 1512(c)(2) -- applies to her conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

<u>*Basis for EMERGENCY Filing*</u>

*On February 22, 2024, Nanette Shalvey, Defendant Stottlemyer's mother-in-law and the mother of her husband and co-Defendant Dale Shalvey, passed away in Statesville, North Carolina.  A memorial service is planned for March 8, 2024, in Statesville.  Stottlemyer seeks an expedited consideration of this motion to allow her to be released from custody in time to attend the service with her husband and family.*

A.  <u>Standard For Release:</u>

Title 18 United States Code Section 3143(b)(1) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)....

Defendant Stottlemyer has no appeal pending due to the ineffective assistance of her trial counsel in failing to file a protective Notice of Appeal following her sentencing in May 2023. Stottlemyer has sought relief from this Court to address that violation of her constitutional rights by filling a motion under 28 U.S.C. Sec. 2255, asking that the ineffective assistance be remedied by allowing the filing of a Notice of Appeal that would be deemed timely *nunc pro tunc*. That motion is pending.

But for that ineffective assistance Defendant Stottlemyer would fit squarely under the provisions of Sec. 3143(b)(1) as she is neither a flight risk nor danger to the community, and there is a "substantial question" that could result in a reversal of her conviction.

The Supreme Court's acceptance of cert in the *Fischer* case meets the "substantial question" standard within the meaning of § 3143(b) as it is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987)(quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)).

In addressing this question, this Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well could be'" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986). The government have acknowledged that Sec. 1512(c)(2) convictions that are now at issue because of *Fischer* presents a substantial question given the grant of certiorari by the Supreme Court. In the Court of Appeals the government has explicitly stated *Fischer* presents a substantial question under § 3143(b). See *United States v. John Strand*, 23-3083 (D.C. Cir.), Doc. #2032976, at 8 ("The government does not dispute that, given that the Supreme Court has granted a petition for a writ of certiorari in *Fischer*, [an] appeal of [a] conviction under 18 U.S.C. § 1512 poses a substantial question within the meaning of 18 U.S.C. § 3143(b)(1)(B)."). In addition, another Judge of this Court recently stayed a Capitol riot defendant's sentencing where his sole felony conviction was under § 1512(c). *United States v. Zink*, 21-cr-191-JEB, 12/28/2023

4

Minute Order. In *United States v. Weyer*, 22-cr-0040 JEB, the Defendant was just recently released bond while serving her sentence – also at FDC Philadelphia – based on *Fischer* presenting a "substantial question" that could substantially reduce her sentence. Defendant Stottlemyer's claim is stronger that Weyer's claim because Stottlemyer has no other counts of conviction, whereas Weyer was convicted of misdemeanor offenses in addition to the Sec. 1512(c)(2) count.

    B.    <u>Guilty Plea and Sentencing</u>

On October 3, 2022, Stottlemyer pled guilty to Count Three of the Fourth Superseding Indictment, charging her with a violation of 18 U.S.C. Sec. 1512(c)(2) -- "Obstruction of an Official Proceeding." On May 11, 2023, Stottlemyer was sentenced to 8 months custody. Due to ineffective assistance of counsel, a Notice of Appeal was not filed. Stottlemyer has filed a petition pursuant to 28 U.S.C. Sec. 2255 seeking relief from that failure by her counsel through the filing of a Notice of Appeal deemed timely *nunc pro tunc*.

    C.    <u>Stottlemyer Has Been Wrongly Denied Release To A North Carolina Halfway House</u>

Stottlemyer surrendered to the BOP on December 6, 2023. The Court recommended that Stottlemeyer be assigned to FPC Alderson, a West Virginia minimum-security camp for women less than 200 miles from her husband and infant child in North Carolina. But Stottlemyer was ordered by BOP to report to FDC Philadelphia where she continues to be held – nearly 550 miles from her family. Stottlemyer has served approximately 85 days of incarceration as of the date of this filing.

At the time Stottlemyer reported, she was still breastfeeding her 9-month old daughter. Prior to reporting she was told that she would be allowed to pump breast milk while in custody and that it would be frozen and preserved for later use. But once she arrived at FDC Philadelphia, the Warden denied her use of a freezer to store the milk to prevent it from spoiling. Her family then arranged for someone to pick-up and ship the milk to North Carolina for her child. But the Warden also denied that request. She has continued to pump using a rudimentary hand-pump provided by the facility to continue lactating, but the milk she produces is discarded by staff. Her infant is being bottle-fed formula by her husband.

Stottlemyer began working with her case manager on a Residential Reentry Management transfer to a hallway house facility in either Raleigh or Charlotte, North Carolina. Her case manager began the process by telling her that the "need" to pump and keep breastmilk for an infant was a basis for such a transfer to a halfway house close to her home. Her current release date is July 2, 2024, but the case manager advised that she could be released to a halfway house without the need to serve any further time in FDC Philadelphia under BOP policy. She was told that the approval of a few individuals at FDC Philadelphia would be necessary for her transfer to a North Carolina halfway house to be processed.

But while the case manager was seeking the approvals he was told that the need to provide breast milk to an infant was not considered a "need" that justified a RRH transfer to a halfway house, and her transfer was not approved. While space is available for her at halfway house facilities in North

Carolina, Stottlemyer has been told that no RRH transfer is currently in process for her, and it will likely be several more months before she is moved to a halfway house close to her home and family.

Stottlemyer's conditions of confinement have been distressing. The FDC Philadelphia facility is experiencing a rodent infestation during the winter months. Inmates regularly find mice and insects in their bedding. Maggots and weevils are a common sight in the food hall. The only "fresh" food items provided to the inmates are salad and fruit when they are available in the food hall, and packaged crackers in the commissary.

During winter months it is reported that the temperature inside the facility rarely rises above low-60 degrees, and most inmates wear extra clothing to stay warm. Such additional items of clothing are often stolen by other inmates.

> D. A Favorable Resolution Of The "Substantial Question" In *Fischer* While Still In Custody Would Result In Reversal Of Stottlemyer's Conviction But Will Come Too Late To Prevent Her From Serving Her Entire Sentence.

If the outcome of *Fischer* is in favor of the defendant, Stottlemyer would have various procedural paths to reverse her conviction. If she is granted the relief sought via her Sec. 2255 motion, and a Notice of Appeal is pending when *Fischer* is decided, her case will be pending on direct appeal and her conviction subject to immediate reversal and her sentence vacated. Stottlemyer's sentence of 8 months is based solely on the § 1512(c)(2) conviction under review in *Fischer*. She stands convicted of no other crimes, and the remaining charges in the indictment were dismissed upon motion of the Government.

## CONCLUSION

Based on the foregoing, Defendant Tara Stottlemyer requests that this Court order that she be released from the custody of the Bureau of Prisons in advance of the memorial service for her mother-in-law on March 8, 2024, based on the substantial likelihood that if a favorable decision is reached by the Supreme Court in *United States v. Fischer* her conviction will be reversed and her sentence vacated.

Dated: February 28, 2024    Respectfully Submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*