UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TARA AILEEN STOTTLEMYER,<br><br>*Defendant*. | Criminal Action No. 21-334-2 (TJK) |

**MEMORANDUM ORDER**

In October 2022, Tara Stottlemyer pleaded guilty to one count of Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2) for her role in the attack on the United States Capitol on January 6, 2021. As part of her plea, she waived her right to appeal her conviction and sentence, with limited exceptions. In May 2023, the Court imposed on her a below-guidelines sentence and delayed her reporting date for about seven months so that she could care for her newborn child. She is currently incarcerated at a Federal Detention Center in the Eastern District of Pennsylvania. Consistent with her plea agreement, Stottlemyer did not appeal her conviction or sentence, and the time for doing so has long passed. Even so, she now moves for release pending appeal on an emergency basis, so that she may attend the funeral of her mother-in-law on March 8, 2024. For the reasons explained below, the Court will deny the motion.

**I.      Background**

On April 30, 2021, a grand jury indicted Stottlemyer's husband Dale Shalvey for his role in the attack on the Capitol building on January 6, 2021. ECF No. 10. Eventually, in a ten-count Fourth Superseding Indictment returned on February 2, 2022, the grand jury joined as his co-defendants both Stottlemyer and another woman, Katharine Morrison. ECF No. 48.

In October 2022, Stottlemyer, Shalvey, and Morrison, advised by counsel, each decided to enter into plea agreements with the Government. *See* ECF Nos. 70–72.

Stottlemyer agreed to plead guilty to Count Three of the Fourth Superseding Indictment, which charged her with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). *See* ECF No. 71 at 1, 12. In turn, the Government agreed, among other things, to dismiss the remaining charges against her at sentencing. *Id.* at 2. In pleading guilty, Stottlemyer admitted that on January 6, 2021, she and Shalvey had traveled to Washington, D.C., from Pennsylvania to meet up with Morrison; that Shalvey assaulted a D.C. Metropolitan Police Officer by throwing an object that struck the officer; that she, Shalvey, and Morrison breached the Capitol building through the Senate Wing door and remained inside for about 40 minutes, travelling through the Crypt, the Speaker of the House's Suite, and the Rotunda, eventually reaching the floor of the United States Senate; that at one point, Shalvey showed her and Morrison zip-ties that he had in his possession; and that after reaching the Senate floor, the three shuffled through papers on and in several Senators' desks, with Stottlemyer also taking photographs of them. ECF No. 74 at 3–4; *see also* ECF No. 124-1 at 19.

In her written plea agreement, Stottlemyer agreed to a standard waiver of her appeal rights, through which she waived:

> insofar as such waiver is permitted by law, *the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s).* Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to

> be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

ECF No. 71 at 7 (emphasis added).

On October 3, 2022, the Court engaged in a thorough colloquy with Stottlemyer during her change-of-plea hearing. *See* ECF No. 124-1. The Court discussed with her the appeal rights she had agreed to waive, which she confirmed she understood. *Id.* at 16–18. Stottlemyer explained that she was completely satisfied with the service of her attorney. *Id.* at 50. She also confirmed that she had had enough time to talk with her to discuss the case, the charges, the plea offer, and whether she should accept it. *Id.* Finally, the Court asked Stottlemyer if there was anything else she did not understand about her plea, and she answered "no." *Id.* at 51. The Court found that Stottlemyer was competent and capable of entering an informed plea, that the plea was knowing and voluntary, and accepted it. *Id.* at 54. At no point before sentencing did Stottlemyer seek to withdraw her plea.

On May 11, 2023, the Court held Stottlemyer's sentencing hearing. The Government requested that the Court impose 18 months' incarceration, roughly in the middle of the guidelines range of 15–21 months to which the parties had agreed, and the Court accepted. *See* ECF No. 105 at 1. Stottlemyer requested a downward variance of 8–14 months of home detention, rather than incarceration. ECF No. 96 at 6. The Court sentenced Stottlemyer to eight months' incarceration, to be followed by 24 months of supervised release, and required her to serve eight more months of home detention as a condition of supervised release. ECF No. 114 at 2–3, 5. Because she had recently given birth, the Court also allowed her to delay for almost seven months reporting to the

Bureau of Prisons to serve her sentence. *See id.* at 2. Consistent with her plea agreement, Stottlemyer did not appeal her conviction or her sentence.

On February 28, 2024, Stottlemyer moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, arguing that counsel was constitutionally ineffective for not filing a notice of appeal and not consulting with her about doing so. She argues that counsel's failure to do so was deficient performance because of the D.C. Circuit's judgment in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), which had been handed down about a month before she was sentenced. ECF No. 121. As relief, she requests that she be allowed to file an untimely notice of appeal, which would put her in a more advantageous position if the Supreme Court—which in December 2023 agreed to review *Fischer*—ends up reversing the D.C. Circuit's judgment. *Id.* at 11. That same day, she also filed the instant emergency motion for release from incarceration. ECF No. 122. In it, she appears to argue that if the Court *were* to grant her the relief she requests under § 2255, because the Supreme Court has granted certiorari in *Fischer*, she should be released pending appeal under 18 U.S.C. § 3143. She requests treatment of her bail motion on an emergency basis, so that she may attend the funeral of Mr. Shalvey's mother on March 8, 2024. *Id.* at 2. The Government opposes both motions. ECF Nos. 124, 125.

## II.     Legal Standard

In seeking her release on an emergency basis, Stottlemyer relies on 18 U.S.C. § 3143, which "govern[s] release pending sentencing or appeal." Fed. R. Crim. P. 46(c); *see* 18 U.S.C. § 3143(b) (providing for "release or detention pending appeal" as to "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari"). But Stottlemyer has no appeal pending. And that statute does not apply to proceedings under 28 U.S.C. § 2255. *Meskel v. United States*, 4-cr-53 (RMU), 2005

4

WL 1903375, at *1 n.1 (D.D.C. July 13, 2005); *see also United States v. Lorenzana-Cordon*, No. 3-cr-331 (CKK), 2022 WL 17039192, at *1 (D.D.C. Nov. 17, 2022). Instead, in a § 2255 proceeding, "the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits." *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986) (citations omitted). The petitioner must show that "the § 2255 petition is based on a substantial claim of law," subject to "a heightened standard requiring a showing of exceptional circumstances." *Meskel*, 2005 WL 1903375, at *2 (internal quotation marks and citations omitted); *see Kelly*, 790 F.2d at 139 (citations omitted).

### III. Analysis

At least on the current record before the Court, Stottlemyer has not shown that her § 2255 petition is based on a substantial claim of law or that exceptional circumstances warrant her release. For both those reasons, the Court will deny her emergency motion for release.

The asserted "substantial claim of law" on which Stottlemyer's § 2255 petition turns is her claim that her counsel was ineffective for failing to appeal her conviction, or to consult with her about whether to do so. Criminal defendants have a Sixth Amendment right to "reasonably effective" counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To claim ineffective assistance of counsel, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that deficient performance prejudiced the defendant. *Id.* at 688, 694. Courts reviewing such claims must be "highly deferential" to counsel's performance and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 689–90.

Stottlemyer claims that her counsel's failure to appeal and to consult with her was ineffective assistance because of the D.C. Circuit's judgment in *Fischer* the month before she was sentenced.[1] ECF No. 121 at 7. And indeed, counsel's performance may be found ineffective for both failing to appeal and through such a "failure to consult" theory. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478–79 (2000). Counsel must "consult with the defendant about an appeal when there is reason to think . . . that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)." *Id.* at 480. And although a guilty plea is "not determinative" as to whether counsel should have consulted a defendant about filing a notice of appeal, it is "a highly relevant factor . . . both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Based on the record before it, the Court cannot find that Stottlemyer's § 2255 claim—that under these circumstances counsel's purported failure to appeal or to consult with her about one was constitutionally ineffective—is a "substantial claim of law." Far from it. In her written plea agreement, Stottlemyer specifically waived the right to appeal her conviction "on any basis," including, but not limited to, a claim that "the admitted conduct [did] not fall within the scope of the statute." At her change-of-plea hearing, the Court explained the waiver of her appeal rights to her, and she said she understood. Stottlemyer does not challenge the validity of that waiver or suggest, at least as understood by the Court, that counsel was ineffective in connection with her

---

[1] Nothing in the record suggests that Stottlemyer instructed her counsel to appeal, or even that she reasonably suggested to her counsel that she was interested in appealing. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

plea negotiations or the plea hearing.[2]  Nor does she suggest that she did not receive the sentence she had bargained for or that her counsel was ineffective in connection with her sentencing hearing. To the contrary, she received a sentence *below* the guidelines calculated by the parties in the plea agreement and then accepted by the Court.  And she concedes that "the sentence imposed was consistent with expectations as contemplated by both parties and reflected in the written agreement." ECF No. 121 at 9.  Moreover, the Court allowed her to delay reporting to serve her sentence so that she could care for her newborn child.  And on top of all that, the Court staggered her sentence with that of Mr. Shalvey, so both the child's parents would not be incarcerated at the same time.  Under these circumstances, her counsel would have had no reason to appeal or to think that a rational defendant would want to appeal.[3]  And indeed, neither of Stottlemyer's co-defendants, including Mr. Shalvey, did so either.

Against this backdrop, Stottlemyer argues that the D.C. Circuit's judgment in *Fischer*, decided about a month before she was sentenced, changed everything by requiring her counsel to

---

[2] Stottlemyer alleges in a single sentence in her § 2255 motion that counsel "did not explain the scope and meaning of the waiver at the time she was counseled to enter into the plea agreement to resolve the case." ECF No. 121 at 7.  But as far as the Court can tell, she does not claim that counsel's failure to do so was constitutionally ineffective or that the waiver was invalid.  And Stottlemyer told the Court at her plea colloquy that she understood the appellate waiver that she had agreed to in the plea agreement.  In any event, the Court anticipates providing the parties with a more complete opportunity to clarify the issues surrounding Stottlemyer's § 2255 motion itself before deciding it.  Through this Memorandum Order, the Court only addresses, on the expedited and limited briefing before it, whether Stottlemyer's § 2255 motion—as the Court understands it—presents a "substantial question of law" for purposes of her emergency motion for release.

[3] In fact, in *Flores-Ortega*, the Supreme Court described a scenario almost identical to the situation here, in which it suggested that a lawyer need not consult with his client about an appeal: where "a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal." 528 U.S. at 479.

7

appeal or to consult with her about an appeal to provide constitutionally effective assistance. For several reasons, it did not, nor does her argument raise a substantial question of law about the matter.

First, as set forth above, Stottlemyer waived her right to appeal her conviction in her plea agreement, including on the grounds that "the admitted conduct d[id] not fall within the scope of the statute," the exact issue that was decided in *Fischer*. So after proceeding to sentencing, *Fischer* could hardly have suggested a "nonfrivolous ground" on which she could have appealed.[4] Stottlemyer's "counsel's performance cannot be considered deficient on the basis that [she] declined to file a notice of appeal when the plea agreement specifically precluded [her] from doing so." *See United States v. Robinson*, No. 10-cr-310 (RCL), 2017 WL 3446759, at *3 (D.D.C. Aug. 9, 2017).

Second, the D.C. Circuit's judgment in *Fischer* can hardly be said to have materially changed the landscape for effective assistance of counsel purposes in Stottlemyer's case. In *Fischer*, the Circuit *rejected* the argument that § 1512(c)(2) "requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." 64 F.4th at 334 (citation omitted). Thus, the Circuit's holding in *Fischer* did not cast doubt on the applicability of the statute to Stottlemyer's conduct. Rather, it confirmed that the statute *did* apply. As Stottlemyer points out, one member of the panel would have held otherwise. 64 F.4th at 363 (Katsas, J., dissenting). But at the time, that interpretation of the statute was nothing new. Although almost every district judge confronted with the issue reached the same conclusion as the Circuit ultimately did, one—reversed by the

---

[4] As far as the Court understands her motion, Stottlemyer does not assert that her counsel was deficient for failing to move to withdraw her plea after *Fischer* was decided but before she was sentenced, to consult with her about that possibility, or to proceed to sentencing.

Circuit in *Fischer*—had gone the other way well before Stottlemyer decided to plead guilty. *See United States v. Miller*, 589 F. Supp. 3d 60, 78–79 (D.D.C. 2022), *rev'd and remanded sub nom. Fischer*, 64 F.4th. In fact, *Fischer* was on appeal when Stottlemyer entered her plea.

Third, to the extent that Stottlemyer argues that, after the D.C. Circuit decided *Fischer*, her counsel should have expected that the Supreme Court would likely grant certiorari—such that, she says, it caused counsel's failure to appeal or consult with her to be constitutionally ineffective—that is far too speculative a basis on which to rest such a claim. ECF No. 121 at 9. She is right the Court must consider what "counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480. But on the entire record here, the Court cannot conclude that Stottlemyer's counsel should have known that the Supreme Court would likely grant certiorari, such that it was ineffective for her not to have appealed or consulted with her about it. That is especially so because, no matter what counsel should have known about the likelihood of *Fischer* ending up before the Supreme Court, Stottlemyer waived the ability to appeal the issue presented in *Fischer* in her plea agreement and proceeded to sentencing. And to repeat, at least as the Court construes her motion, she does not challenge the validity of that waiver or suggest that her plea agreement or a failure to move to withdraw her plea resulted from ineffective assistance of counsel.

Stottlemyer also has not shown that her situation presents exceptional circumstances for purposes of releasing her in connection with her pending § 2255 motion, which is also required. As courts in this District and elsewhere have reasoned, "very few cases present exceptional circumstances, and those that do are typically limited to situations involving the impending completion of short sentences or grave illness." *Meskel*, 2005 WL 1903375, at *2; *see also United States v. Roberts*, 250 F.3d 744 (5th Cir. 2001) (explaining that exceptional circumstances include "serious deterioration of the petitioner's health while incarcerated, short sentences for relatively

minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition"). Stottlemyer seeks release on an emergency basis so that she can attend a memorial service for her mother-in-law. ECF No. 122. She also cites the hardship of being incarcerated far from her family, and the conditions where she is being held. *Id*. But although these circumstances are unfortunate, they are not exceptional under the legal standard at issue, especially insofar as she argues they require her to be released by March 8, 2024. The Court expresses its condolences to Stottlemyer on the death of her mother-in-law. And although the Court recommended to the Bureau of Prisons that Stottlemyer be placed at a facility far closer to her home—one she had requested—it lacks any authority to direct where she is incarcerated. *See* ECF No. 114 at 2; 18 U.S.C. § 3621(b). Finally, to the extent that she argues that exceptional circumstances are present because her § 2255 motion, and along with it the possibility of being released because the Supreme Court has granted certiorari in *Fischer*, might not be resolved until her sentence of incarceration is complete in about five months, the Court anticipates promptly resolving that motion.

For all the above reasons, it is hereby **ORDERED** that Stottlemyer's Emergency Motion for Bond, ECF No. 122, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 8, 2024