UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                             ) | Case No. 21-cr-00334-TJK |
| ) | |
| TARA STOTTLEMYER   ) | |
| ) | |
| Defendant            ) | |

**DEFENDANT TARA STOTTLEMYER'S PETITION TO SET ASIDE**
**CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Comes now defendant Tara Stottlemyer, by and through her undersigned counsel of record William L. Shipley, and respectfully moves this Court to vacate, set aside, or correct her sentence pursuant to Title 28, United States Code, Section 2255.

## I. RELEVANT PROCEDURAL HISTORY

Defendant Stottlemyer was charged by Second Superseding Indictment on November 10, 2021.  ECF No. 39.

On October 3, 2022, Defendant Stottlemyer entered a plea of guilty to Count Three of the Second Superseding Indictment charging her with a violation of 18 U.S.C. Sec. 1512(c)(2), pursuant to a written plea agreement.  ECF No. 71.

On May 11, 2023, this Court sentenced Defendant Stottlemyer to 8 months of custody, followed by 24 months of Supervised Release with conditions as stated.

On June 28, 2024, the United States Supreme Court issued a ruling in *United States v. Fischer* establishing that certain factual allegations are necessary to properly charge a violation 18 U.S.C. 1512(c)(2).  Those factual allegations are absent from the Indictment upon which Defendant Stottlemyer was prosecuted and convicted.  As such, her conviction and sentence are constitutionally infirm and must be vacated.

## II. ARGUMENT

A. <u>Legal Standard for Relief Under Section 2255</u>

A defendant may move to vacate, set aside, or correct his sentence if (1) the sentence was imposed "in violation of the Constitution or laws of the United States"; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The defendant bears the burden to prove his right to relief by a preponderance of the evidence. *United States v. Baugham*, 941 F. Supp. 2d 109, 112 (D.D.C. 2012).

> "[T]he petitioner seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence." *Winchester v. United States*, 477 F. Supp. 2d 81, 83 (D.D.C. 2007) (citing *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973)). Specifically, he "must show `a fundamental defect, which inherently results in a complete miscarriage of justice' or `an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Weaver*, 112 F. Supp. 2d 1, 6  (D.D.C. 2000) (*quoting Hill v. United States*, 368 U.S. 424, 428 (1962)).
>
> *Bedewi v. United States*, 583 F. Supp. 2d 72,79 (D.D.C. 2008).

B. Stottlemyer's Conviction Pursuant to 8 U.S.C. Sec. 1512(c)(2) Is Unlawful Because It Lacked The Factual Basis Necessary To Constitute Criminal Conduct.

On June 28, 2024, the United States Supreme Court held in *United States v. Fischer* as follows:

> To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

603 U.S. ____ (2024)(Op. at p. 20).

The holding therefore requires the Government establish a factual basis showing the defendant impaired the availability to records, documents, objects, or other things used in the proceeding.

The indictment against Defendant Stottlemyer only alleges the following:

> On or about January 6, 2021, within the District of Columbia and elsewhere, … Tara Aileen Stottlemyer…, attempted to, and did, corruptly obstruct influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. Sec 15-18.

*See* ECF No. 39.

The Statement of Offense in support of her guilty plea, found at ECF No. 74, does not include any factual basis for a finding that Defendant Stottlemyer impaired any evidentiary item -- records, documents, objects, or other things -- that were to be used in an official proceeding as required by the Court's decision in *Fischer.*

The factual basis in the Statement of Offense states as follows with respect to establishing each of the elements of Sec. 1512(c)(2):

> "While in the Senate Gallery hallway, Shalvey showed <u>defendant</u> and Morrison, zip ties and handcuff restraints that Shalvey had in his hands.  The trio then went to the Senate Chamber Press Gallery and back to the second floor.  They entered the Senate Chamber at approximately 2:29. There the <u>defendant</u> took photos of documents that were in and on Senators' desks."

Based on *Fischer*, these facts are insufficient to support the finding of a "factual basis" for guilt under Sec. 1512(c)(2).

## CONCLUSION

Based on the foregoing, Defendant Tara Stottlemyer moves this Court to grant her relief pursuant to 28 U.S.C. Sec. 2255, and to vacate the conviction and sentence imposed upon her by the Court in this case.

Dated: July 1, 2024					Respectfully Submitted,

						_____
						William L. Shipley, Jr., Esq.
						PO BOX 745
						Kailua, Hawaii 96734
						Tel: (808) 228-1341
						Email: 808Shipleylaw@gmail.com

						*Attorney for Defendant*