UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-CR-00334 (TJK) |
| | : | |
| **TARA AILEEN STOTTLEMYER,** | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR CONTINUANCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion to request a sixty (60) day continuance to file a response to the Defendant's Motion To Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (ECF-129) and Motion To Modify Terms and Conditions of Supervised Release (ECF-130).  Both of which were filed following the Supreme Court's June 28, 2024 decision in *United States v. Fischer*, 603 U.S. ___, No. 23-5572 (June 28, 2024), (2024).

Defendant, who has already served her sentence in custody and is now on supervised release, argues that her conviction and sentence should be vacated and, while that motion is pending, her conditions of release modified because the facts in the statement of offense to which she pled are "insufficient to support the finding of a 'factual basis' for guilt under Sec. 1512(c)(2) [in light of the Supreme Court's decision in *United States v. Fischer*]." (ECF-129 at 4.)  The Supreme Court did not reject the application of 18 U.S.C. § 1512(c)(2) to the events of January 6, 2021 whole cloth.  Rather, the Supreme Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Fischer*, No. 23-5572, at 8-9.  The Supreme Court

has remanded the case to the D.C. Circuit for further proceedings. Through those further proceedings, the Court of Appeals will interpret the scope of the statute in light of *Fischer*.

The government therefore respectfully requests that the Court continue the government's time to respond to the Defendant's motions so that this process may take place efficiently but thoughtfully. The government requests at least an additional sixty days – until the beginning of September – to respond.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Kathryn E. Bolas*
        KATHRYN E. BOLAS
        Assistant U.S. Attorney
        NY Bar No. 5704234
        United States Attorney's Office
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-0872
        Kathryn.Bolas@usdoj.gov