UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00334-TJK |
| | ) | |
| TARA STOTTLEMYER | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT TARA STOTTLEMYER'S OPPOSITION TO GOVERNMENT MOTION FOR 60-DAY CONTINUANCE

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Comes now Tara Stottlemyer and respectfully files this Opposition to the Motion by the Government for a 60-day extension of time to respond to the Motion for Relief Pursuant to Sec. 2255 and to Modify Her Terms and Conditions of Supervised Relief Pending a Decision on her Sec. 2255 motion.

The Fifth Amendment to the Constitution of the United States is as follows:

> ***No person shall*** be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor ***be deprived of life, liberty, or property, without due process of law***; nor shall private property be taken for public use, without just compensation.

As of the date of this filing, Tara Stottlemyer is being deprived of her liberty without due process of law as she suffers under a likely illegal sentence that subjects her to confinement in her residence for all but 8.5 hours per day. The sentence deprives her of her property by preventing her from realizing the maximum financial benefit she would otherwise earn from the family farming operation created by her and her husband.

The United States Department of Justice made use of an "obstruction of justice" statute, in a manner never before employed by the Department, to criminalize conduct that might be broadly be described as a "riot" with damage to government property.

The Second Superseding Indictment charged Ms. Stottlemyer in Count Three with a violation Sec. 1512(c)(2), but the charge included no factual allegation(s) with respect to manner by which she was alleged to have violated

that statute.  Ms. Stottlemyer was charged with no other felony offense -- the only other crimes alleged against her in the Indictment were two "A" misdemeanors and two "B" misdemeanors.

The Government offered a plea agreement whereby she would plead guilty to the Sec. 1512(c)(2) offense in exchange for a series of stipulations by her.  The Plea Agreement itself set forth no factual allegations.

The Statement of Offense that accompanied the Plea Agreement has few references to the specific actions by Ms. Stottlemyer on January 6, 2021.  The following is a summary of each paragraph of the Statement of Offense that references Ms. Stottlemyer's conduct:

Paragraph 8:  Describes how Ms. Stottlemyer, her husband and a female friend traveled from Pennsylvania to Washington D.C. by automobile.

Paragraph 9:  Describes the trio attending a rally and then marching to the Capitol.

Paragraph 10: Describes conduct by her husband while she was in his company.

Paragraph 11:  Describes the time and location of the trio entering the Capitol.

Paragraph 12:  Describes actions of her husband and her friend.  The last sentence references the trio going to the Senate Chamber Press Gallery, and then into the Senate Chamber where the defendant took photos of documents.

Paragraph 13:  Describes the trio leaving the Senate Gallery and then the Capitol through the Senate Carriage door, having spent 35 minutes inside.

3

Those are the only facts presented in the Statement of Offense and admitted to by Ms. Stottlemyer as part of her change of plea. The Government stated at that hearing that it was satisfied with that statement of facts – not surprising since the Government had drafted the document.

Unknown at the time of her guilty plea, but now the controlling law over this case is the following:

> To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

*Fischer v. United States*, 603 U.S. \_\_\_\_ (No. 23-5572)(June 28, 2024)(Op. at p. 20.)

There can be no dispute that the Second Superseding Indictment did not describe in any fashion records, documents, objects, -- or "other things" – being impaired or otherwise manipulated by Ms. Stottlemyer at any time on January 6, 2021.

The is no reference in the Statement of Offense to any record, document, object or "other thing" being impaired or manipulated by Ms. Stottlemyer on January 6, 2021.

This Court gave the United States Department of Justice seven (7) days to respond because it recognizes the violence being done every day to Ms. Stottlemyer by the imposition of a sentence – Supervised Release with a home detention condition – if, as she alleges, her conviction and sentence are constitutionally infirm.

Yet the Department of JUSTICE seeks 60 days to respond – not just to the Sec. 2255 motion but also to the motion to modify her conditions of release.

4

But to do what?   The Government does not say.

The Government acknowledges the task the Supreme Court has given it:

> … the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as
> witness testimony or intangible information – or attempted to do so.

But then, amazingly, when it is Tara Stottlemyer who has made a compelling case that her rights to liberty and property are being denied to her NOW, every day, the Government states:

> The government therefore respectfully requests that the Court continue the government's time to respond to the Defendant's motions so that this process may take place ***efficiently*** but ***thoughtfully***.

Government Motion at p. 2.

"Efficiently" and "thoughtfully"?   While Ms. Stottlemyer is certainly gratified that the Government plans to be "thoughtful" in its response, she nevertheless must insist that her ability to seek to restore her rights take precedence over the wishes of the JUSTICE Department to be given time so it can be "efficient" and "thoughtful."

After all, it is not Ms. Stottlemyer that may have violated the rights of hundreds of citizens by charging them with a non-crime.

Missing from the motion is any suggestion on how the Government even thinks might endeavor to pound the "square peg" of Ms. Stottlemyer's conduct into the "round hole" of the Sec. 1512(c)(2) offense as defined by the Supreme Court.

The factual record in this case is CLOSED. The facts offered in support of the guilty plea do not establish that Ms. Stottlemyer committed a violation of the offense charged based on the Supreme Court's rejection of the Government's expansive reading of that statute.

The Government was wrong on the law in the manner it charged the offense based on the evidence it had. Now that this failure is manifest, and the count of conviction is called into question, the Government is not entitled to introduce more facts to solve its problem.

It cannot be true – absent manifest incompetence in the upper ranks of Justice Department management – that DOJ did not foresee the outcome in *Fischer*. Even if some continued to harbor hope after the oral argument, the Department should have been planning for this eventuality since mid-April 2024 when the matter was submitted.

Now, on July 2, 2024 – 10 weeks later – the Government asks for another 8 weeks so it can be "efficient" and "thoughtful" in deciding how it might proceed.

Such a request is rank and transparent in its desire to see Ms. Stottlemyer serve even more of a likely illegal sentence prior to the Government being forced to acknowledge the error of its approach in this and hundreds of other similar cases.

Ms. Stottlemyer objects to the continuance sought by the Government and asks that the Court's schedule remain as set by its earlier order.

Dated: July 3, 2024					Respectfully Submitted,

 

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*