UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00334-TJK |
| ) | |
| TARA STOTTLEMYER ) | |
| ) | |
| Defendant ) | |

**DEFENDANT TARA STOTTLEMYER'S MOTION TO COMPEL DISCOVERY AND PRODUCTION OF BRADY/GIGLIO MATERIAL FOR USE IN HER MOTION PURSUANT TO 28 U.S.C. SECTION 2255**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

INTRODUCTION

Comes now defendant Tara Stottlemyer, by and through her undersigned counsel of record William L. Shipley, and respectfully moves this Court to enter and order compelling the Government to produce discovery under Rule 16, and Brady/Giglio material given the decision of the Supreme Court in *Fischer v. United States*.

Defendant Stottlemyer was charged with and later pled guilty to a single count charging her with a violation of 18 U.S.C. Sec. 1512(c)(2).

On May 11, 2023, this Court sentenced Defendant Stottlemyer to 8 months of custody, followed by 24 months of Supervised Release with conditions, including that she serve the first 8 months of her supervised release under "home detention" with GPS tracking to monitor her compliance.

On June 28, 2024, the United States Supreme Court issued a ruling in *United States v. Fischer* establishing that certain factual allegations are necessary to establish a violation 18 U.S.C. 1512(c)(2):

> To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

603 U.S. ___ (June 28, 2024, at p. 20).

The holding therefore requires the Government establish a factual basis showing the defendant impaired the availability to records, documents, objects, or other things used in the proceeding.

The indictment against Defendant Stottlemyer only alleges the following:

2

> On or about January 6, 2021, within the District of Columbia and elsewhere, ... Tara Aileen Stottlemyer..., attempted to, and did, corruptly obstruct influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. Sec 15-18.

*See* ECF No. 39.

The Statement of Offense in support of her guilty plea, found at ECF No. 74, does not include any factual basis for a finding that Defendant Stottlemyer impaired any evidentiary item -- records, documents, objects, or other things -- that were to be used in an official proceeding as required by the Court's decision in *Fischer.*

The factual basis in the Statement of Offense states as follows with respect to a establishing each of the elements of Sec. 1512(c)(2):

> "While in the Senate Gallery hallway, Shalvey showed <u>defendant</u> and Morrison, zip ties and handcuff restraints that Shalvey had in his hands.  The trio then went to the Senate Chamber Press Gallery and back to the second floor.  They entered the Senate Chamber at approximately 2:29. There the <u>defendant</u> took photos of documents that were in and on Senators' desks."

**MOTION TO COMPEL**

Defendant Stottlemyer hereby moves this Court to order the Government to produce to the defense all transcripts of testimony offered by any witness called by the Government before any grand jury who testified to facts allegedly supporting the element of a Sec. 1512(c)(2) charge, and specifically having to do with any allegation(s) about Defendant Stottlemyer having "impaired the availability or integrity for

3

use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding...."

The absence of any such testimony under oath before a grand jury that returned any indictment charging Defendant Stottlemyer with that offense is potentially exculpatory. Further, to the extent any witness in the future might offer such testimony to a grand jury in seeking to bring a new charge against Defendant Sottlemyer, prior testimony under oath without such an allegation would be inconsistent that thereby both Gigilio material and a prior inconsistent statement under oath by a representative of the United States, and thereby admissible under Rule 801(d)(2) or otherwise.

If an evidentiary hearing is called by this Court on the pending motion for relief under Sec. 2255, Defendant Stottlemyer will need this discovery and Brady/Giglio material for purposes of any such hearing.

CONCLUSION

Based on the foregoing, Defendant Tara Stottlemyer moves this Court to order the Government to produce transcripts of any testimony by any witness before a grand jury in this District with regard to the charge returned against her alleging a violation of 18 U.S.C. Sec. 1512(c)(2).

Dated: July 5, 2024                     Respectfully Submitted,

                                                     /s/ William L. Shipley
                                                     William L. Shipley, Jr., Esq.
                                                     PO BOX 745
                                                     Kailua, Hawaii 96734
                                                     Tel: (808) 228-1341
                                                     Email: 808Shipleylaw@gmail.com

                                                   *Attorney for Defendant*