UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-00334 (TJK) |
| | : | |
| TARA AILEEN STOTTLEMYER, | : | |
| | : | |
| Defendant. | : | |

### RESPONSE TO MOTION TO MODIFY TERMS AND CONDITIONS OF SUPERVISED RELEASE

The United States submits this response to Defendant's Motion to Modify Terms and Conditions of Supervised Release. (ECF-130), and this Court's July 3, 2024 Minute Order. After consultation with the Probation Office, the government does not object to a modification of Defendant's conditions of supervised release requiring her to remain on her property but allowing the Defendant to leave her house for up to 16 hours a day, in order to work on her farm. However, the government does oppose a complete cessation of the Defendant's home detention.

On January 6, 2021, the defendant joined a riotous mob that overtook the Capitol building and halted the Certification of the 2020 Election. On that date, Stottlemyer traveled to Washington, D.C. from Bentleyville, Pennsylvania with Dale Shalvey and codefendant Katharine Morrison, for the purpose of protesting Congress' certification of the Electoral College vote. ECF 74 ¶8. While on restricted Capitol grounds, Stottlemyer witnessed Shalvey throw an object that hit a D.C. Metropolitan Police Officer. *Id.* ¶10. Stottlemyer later breached the Capitol building through the Senate Wing Doors. *Id.* ¶11. From there she went to various areas within the building, including, but not limited to, the Crypt, the Speaker of the House's Suite, the Rotunda, and the Senate Chamber. *Id.* While in the Senate Gallery hallway, Shalvey showed Stottlemyer and Morrison zip ties and handcuff restraints that he had. *Id.* ¶12. After seeing the restraints, Stottlemyer,

Shalvey, and Morrison went to the Senate Chamber Press Gallery and then the Senate Chamber. *Id.* While in the Senate Chamber, Stottlemyer took pictures of the documents in and on Senators' desks. *Id.* She was inside the Senate Chamber for approximately 30 minutes and within the restricted Capitol building without authorization for approximately 45 minutes. *Id.* ¶13.

On October 3, 2022, Stottlemyer entered a plea of guilty to Count Three of the Fourth Superseding Indictment, ECF 48, charging her with Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2. On May 11, 2023, this Court imposed a sentence of eight months' incarceration, followed by a term of supervised release that included as one condition eight months of home detention. ECF 114. Because the defendant had recently given birth, the Court allowed her to report to the Bureau of Prisons nearly seven months after the date of her sentencing. Judgment was entered on May 15, 2023. Stottlemyer now seeks post-conviction relief pursuant to *Fischer v. United States*, No. 23-5572, 603 U.S. ---, 2024 WL 3208034 (June 28, 2024).

In the months preceding Stottlemyer's guilty plea and through her sentencing, *United States v. Miller*, 589 F.Supp.3d 60 (D.D.C. 2022)[1] and *Fischer* were litigated in this district, through the D.C. Circuit, and ultimately before the Supreme Court, which issued its decision on Friday, June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c)(2) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *See Fischer*, 2024 WL 3208034 at *6. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that a defendant

---

[1] In *Miller* and *Fischer,* the Honorable Carl J. Nichols dismissed Section 1512 counts against defendants charged for their role in the January 6 Capitol riot. These cases and an additional case were consolidated before the D.C. Circuit in the resulting appeals from the orders of dismissal.

impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at *10. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may or may not include circumstances like certain facts in this case, where Stottlemyer intended to stop the certification proceeding and impair the availability or use of the votes and ballots underlying the certification. *See id.* at *10 (delineating that it would still remain a crime to attempt to impair the integrity or availability of records, documents, objects, or other things used in the proceeding); *id.* at *14 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding"); *see also* ECF 74 ¶ 12 (Stottlemyer "took photos of documents that were in and on Senators' desks."); *see also* ECF 105 at 15 ("Once inside, Morrison, Shalvey, and Stottlemyer rifled through Senators' desks, and took pictures of documents on, and in, their desks."); ECF 105-1 at 4-6 (describing video evidence of Stottlemyer looking at, handling, and photographing documents in the Senate Chamber); *see also* May 11, 2023 ("Sentencing Tr.") 98:6-14 ("[Y]ou are in a select group of people who made it to the Senate floor and then even on top of that, a very select group of people who were on the Senate floor rifling through the belongings of other people.").

Pursuant to 18 U.S.C. § 3583, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" the Court can "modify . . . the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release". 18 U.S.C. § 3583(e), (e)(2). In May 2023, when the Defendant was initially

3

sentenced, the Court explicitly considered and sentenced the Defendant based on the factors outlined in 18 U.S.C. § 3553(a), including the Defendant's role in maintaining a farm in North Carolina.  Sentencing Tr. at 93:9-13 ("[The Court has] assessed the particular facts of this case in light of the relevant 3553(a) factors"); 102:24-103:8 ("the other – the other characteristic of each defendant that is important is their role maintaining their farms that they help maintain"); 110:5-19 ("And out of the recognition of the rather extreme burden that being in prison will have on your family under the circumstances here, with a new baby and with -- and the fact that you and your husband are running your family farm. I'm trying to minimize that burden while also recognizing the other factors that I have to, that Congress has told me I have to consider in crafting an appropriate sentence.")  Defendant contends that those factors have now changed given the Supreme Court's recent decision in *Fischer*.  The government disagrees.  Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer*'s impact on this and other January 6 cases.  However, as indicated above, Defendant's conduct may very well meet the changed standard for 18 U.S.C. §§ 1512(c)(2) and 2.  Additionally, the Defendant pleaded guilty to her crime while *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), the predicate case to the recent Supreme Court decision, was being briefed in the Circuit. This Defendant stands in a different procedural posture that may bear on her motion to vacate.  Finally, unlike at least one of her co-defendants, the Court allowed the Defendant to delay her sentence for six months; thus, even if this Court were to hypothetically grant relief, Stottlemyer's Section 2255 petition will not be rendered moot before this Court can issue a decision.

      In light of these considerations, the government does not believe that removal of a condition of supervised release is warranted. Instead, the government, in consultation with the Probation Office, does not oppose adjusting the existing condition of home detention so that

4

Defendant may leave her house, but remain on her property containing both her home and her farm, for up to 16 hours a day, in order to work on her farm.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Kathryn E. Bolas*
        KATHRYN E. BOLAS
        Assistant U.S. Attorney
        NY Bar No. 5704234
        United States Attorney's Office
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-0872
        Kathryn.Bolas@usdoj.gov