UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-00334 (TJK) |
| | : | |
| TARA AILEEN STOTTLEMYER, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

The United States submits this response to Defendant's Motion to Compel Discovery and Production of Brady/Giglio Material for Use in Her Motion Pursuant to 28 U.S.C. § 2255. (ECF 135). While the United States is not required to produce grand jury transcripts under either of the Defendant's theories, the Defendant never complied with relevant local rules that are a prerequisite for a motion to compel production of discovery material. The motion should therefore be denied.

### BACKGROUND

On January 6, 2021, Defendant Stottlemyer joined a riotous mob that overtook the Capitol building and halted the Certification of the 2020 Election. For her conduct, on October 3, 2022, Defendant entered a plea of guilty to Count Three of the Fourth Superseding Indictment, ECF 48, charging her with Obstruction of an Official Proceeding in violation of 18 U.S.C. §§1512(c)(2) and 2. On May 11, 2023, Defendant was sentenced to 8 months incarceration and 24 months of supervised release. Judgment was entered on May 15, 2023.

In the intervening months, *United States v. Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on June 28, 2024. *Fischer v. United States*, 144 S.Ct. 2176 (2024). In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Id.* at. 2185.

However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.*

Based on the Court's decision in *Fischer*, on July 1, 2024, Defendant filed a Petition To Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (ECF 129) and a Motion to Modify Terms and Conditions of Supervised Release (ECF 130). Given the complexities related to the Supreme Court's decision, the government moved to continue its time for a response to both motions. (ECF 131.) That motion was granted in part and denied in part allowing the government until July 30, 2024 to respond to Defendant's motion to vacate and July 9, 2024 to respond to Defendant's motion to modify terms and conditions. July 3, 2024 Minute Order. On July 10, 2024, Defendant's motion to modify terms and conditions was granted in part and denied in part.

On July 5, Defendant filed the instant Motion to Compel Discovery and Production of Brady/Giglio Material for Use in Her Motion Pursuant to 28 U.S.C. § 2255. Defendant's motion seeks discovery of prior grand jury transcripts for potential use in a currently non-existent evidentiary hearing or in the event the government brings new charges.

**ANALYSIS**

I.   Defendant Has Failed To Comply with Procedural Requirements.

Defendant's motion should be denied because it fails to comply with this Court's Local Rule 16.1. Local Rule 16.1 provides, in pertinent part, that:

> No discovery motion shall be heard unless it states that defense counsel has previously requested . . . the information sought from the attorney for the United States and that such attorney has not complied with the request.

Defendant's motion does not contain the required statement. Counsel did not confer with the government or ask the government to comply with her request for grand jury transcripts. Local rules have the "force of law" and litigants are "duty bound to comply with them." *Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015) (internal quotations omitted); *see also Bush v. Washington Metropolitan Transit Authority*, Civil Action No. 19-930 (JEB), 2020 WL 92141, at *2 (D.D.C. Feb. 26, 2020) ("Litigants before this Court are not only expected to follow its Local Rules, they are 'duty bound' to do so." (*quoting Texas*, 798 F.3d at 1114)). Because Defendant failed to adhere to this rule, the motion should be denied.

Defendant's motion is precisely the type of filing Local Rule 16.1 intends to prevent. Had the parties conferred, the government would have explained that it has complied with the Defendant's request at least in part. On February 17, 2022, the government sent prior counsel for the Defendant grand jury transcripts. To the extent Defendant desires certain grand jury transcripts, many were made available to the defense already. Therefore, the motion to compel is largely moot and should be denied;[1] however, Defendant's failure to comply with Rule 16.1 is sufficient reason to deny the motion.

>   II.   Defendant Has Not Shown Good Cause for Discovery of Past Grand Jury Materials.

Additionally, Defendant is separately not entitled to compel the production of previous grand jury transcripts. Defendant has not made the required showing for discovery under Rules

---

[1] Undersigned counsel has not received a record showing prior disclosure to the Defendant of one of the grand jury transcripts requested under this motion; however, that is also a topic that could have been addressed through compliance with Rule 16.1.

3

Governing Section 2255 Proceedings.  Habeas petitioners are not entitled to discovery as a matter of course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, courts "may, for good cause authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *United States v. Carson*, 978 F. Supp. 2d 34, 38 (D.D.C. 2013) (*quoting Bracy*, 520 U.S. at 908-09.)  Defendant must present more than "'[m]ere speculation' that discoverable material exists."  *United States v. Bell*, No 1:17-cr-234, 2022 WL 2191688, at *5 (D.D.C. June 18, 2022) (*quoting Strickler v. Greene*, 527 U.S. 263, 286 (1999)).

Defendant has made no specific showing as to why discovery of the transcripts of proceedings before the grand jury that returned an indictment against her is warranted.  Defendant argues that she is entitled to the testimony for two reasons.  *First*, she argues the testimony "is *potentially* exculpatory" because it may not include reference to her "impair[ing] the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding."  (Mot at 3-4 (emphasis added).)  Defendant provides nothing but unsupported conjecture as to what may be in the grand jury transcripts and why they are *potentially* helpful.

After speculating about what the grand jury transcripts may or may not contain, Defendant speculates further that this Court may set an evidentiary hearing and if so, for unspecified reasons, she may need the transcripts for purposes of a hearing this Court has not yet decided to hold.  The United States has not yet filed its response to Defendant's 2255 petition, this Court has not decided whether any hearing, let alone an evidentiary hearing, is necessary, and the witnesses who may or

4

may not testify if a hearing is ever set are not identified in the motion to compel. Because Defendant offers nothing more than speculation about the contents of grand jury transcripts and when they may be needed, she fails to meet the requirement of Rule 6(a) to show good cause and is not entitled to discovery.[2]

For similar reasons, Defendant's passing reference to *Brady v. Maryland*, 373 U.S. 83 (1963), fails to support relief. In *Brady*, the Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. *Id*. at 87. Material evidence favorable to the defendant means evidence creating a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *United States v. Williams-Davis*, 90 F.3d 490, 513-14 (D.C. Cir. 1996). Courts will not infer the existence of *Brady* material based upon speculation alone. *Williams-Davis*, 90 F.3d at 514; *see also United States v. Apodaca*, 287 F.Supp.3d 21, 40 (D.D.C. 2017) (defendant's vague asserted need for potentially exculpatory evidence that might be contained in minimized intercepted conversations did not pass muster).

Defendant's speculation fails to establish that the evidence she seeks is exculpatory or impeaching. As noted above, Defendant merely speculates about what is in the grand jury transcripts. But, even if the transcripts are exactly as Defendant suggests, they are not exculpatory evidence. Evidence that is non-exculpatory and non-impeaching, and evidence that is neutral does not fall within the scope of the *Brady* doctrine. *See United States v. Sutton*, No. CR 21-0598 (PLF),

---

[2] Additionally, a motion to compel is the incorrect vehicle to request these transcripts. In order to receive the discovery Defendant seeks, she is required to obtain leave of Court. Rule 6(a) of the Rules Governing Section 2255 Proceedings (stating "Leave of Court Required"). A motion to compel the government to produce discovery is illogical when the court has not first granted leave to conduct discovery based on a showing of good cause.

2022 WL 1202741, at *3 n.2 (D.D.C. Apr. 22, 2022) ("the discovery Mr. Sutton requests is at best neutral or speculative – not favorable – and Mr. Sutton therefore is not entitled to it under Brady"); *United States v. Flynn,* 411 F.Supp.3d 15, 28 (D.D.C. 2019); *United States v. Polowichak*, 783 F.2d 410, 414 (4th Cir. 1986) (district court's refusal to compel disclosure of identity of key coconspirator still at large did not deprive the defense of exculpatory evidence in violation of *Brady*; remote possibility that identity would have helped the defense did not require disclosure, defense merely speculated coconspirator's testimony would prove exculpatory, and it was unlikely that coconspirator would testify for defendants); *United States v. Dillman*, 15 F.3d 384, 390 (5th Cir. 1994) ("Although exculpatory and impeachment evidence fall within the purview of *Brady,* neutral evidence does not") (witness' statement that she could not remember a meeting was neutral, not exculpatory or impeaching).  A lack of testimony at a grand jury proceeding regarding Defendant's handling of a particular record, document, or object, is not exculpatory.  It does not make Stottlemyer more or less guilty of any offense, it impeaches no one, and it provides no support for leniency at sentencing.  It would merely reflect proceedings consistent with the state of the law prior to the Supreme Court's opinion in *Fischer*.  *See United States v. Fischer*, 64 F.4th 329, 335 (D.C. Cir. 2023) (endorsing view that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election."), *vacated and remanded, Fischer v. United States*, 144 S.Ct. 217, 2190 (2024).

     Moreover, Defendant has not provided any reason why the grand jury transcripts would be considered as part of the Court's assessment of her 28 U.S.C. § 2255 motion.  Here, the defendant seeks relief based on the Supreme Court's interpretation in *Fischer* of a statute, Section 1512(c)(2). She does not explain why grand jury transcripts relate to the application of *Fischer*'s ruling to her

6

guilty plea.  She has not provided any authority providing that a changed interpretation of a criminal statute created grounds for the disclosure of grand jury transcripts, especially where a defendant's conviction is based on a guilty plea.

*Second,* Defendant argues that she is entitled to the transcripts because "to the extent any witness in the future might offer such testimony to a grand jury in seeking to bring a new charge against Defendant Stottlemyer, prior testimony under oath without such an allegation would be inconsistent [and] thereby both Giglio material and a prior inconsistent statement."  (Mot. at 4.)  At this time, it is unknown if the United States would bring future charges against the Defendant, what those charges might or might not be, whether or not the same witness or witnesses would testify if new grand jury proceedings ever occurred, or even if grand jury proceedings would be necessary to bring future charges.  Again, the defendant simply speculates.  Discovery in a Section 2255 proceeding is available when a petitioner shows reason to believe that the discovery sought may, if the facts are fully developed, be able to demonstrate that she is entitled to relief.  Defendant fails to explain how future charges that may or may not be sought have any bearing on her current petition or the validity of her existing conviction.  Rule 6(a) does not provide discovery in connection with proceedings other than the pending Section 2255 petition.  The Defendant's motion fails to provide sufficient reason for the discovery under a theory about possible new charges as well.

Defendant's motion fails to identify any applicable Rule of Civil or Criminal Procedure that supports her demand for grand jury transcripts.  Her motion fails to establish an applicable principle of law supporting that demand.  For the reasons explained above, her motion to compel does not demonstrate good cause required for this Court's leave to conduct discovery.  While

Defendant's lack of compliance with Local Rule 16.1 is sufficient to preclude relief, she has also failed to satisfy the requirements of Rule 6(a).  The relief Defendant seeks is unwarranted.

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny Defendant's Motion to Compel.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Kathryn E. Bolas*
        KATHRYN E. BOLAS
        Assistant U.S. Attorney
        NY Bar No. 5704234
        United States Attorney's Office
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-0872
        Kathryn.Bolas@usdoj.gov