UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-CR-00334 (TJK) |
| : | |
| TARA AILEEN STOTTLEMYER, : | |
| : | |
| Defendant. : | |

**MOTION FOR EXTENSION OF TIME**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion to request a thirty-one (31) day extension of time, until August 30, 2024, to file a response to the Defendant's Petition to Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (ECF 129). This is the government's second request for an extension. The previous request was granted in part. (July 3, 2024 Minute Order.)

As this Court has recognized, the Defendant is "in a select group of people who made it to the Senate floor and then even on top of that, a very select group of people who were on the Senate floor rifling through the belongings of other people." (May 11, 2023 Tr. 98:6-14.) The Defendant agreed that part of her conduct on January 6, 2021 included "[taking] photos of documents that were in and on Senators' desks." (ECF 74 at ¶ 12.) And for Stottlemyer's sentencing, the government presented video evidence of Stottlemyer looking at, handling, and photographing documents in the Senate Chamber, which was prepared for the official Certification Proceeding. (ECF 105-1 at 4-6.)

On October 3, 2022, the Defendant, pled guilty to 18 U.S.C. §§ 1512(c)(2), 2. On May 11, 2023, she was sentenced to eight months in prison and twenty-four months of supervised release, with eight of those months to be spent on home detention. (May 11, 2023 Tr. 109: 13-23.) The

1

Defendant was allowed to delay reporting to the Bureau of Prisons until December 1, 2023, so she could bond with her infant child. (*Id.* at 110:20-111:6.) Judgment was entered on May 15, 2023. (ECF 114.) Since that time, the Defendant has completed her term of incarceration and is currently serving the home detention portion of her supervised release.

On July 1, 2024, the Defendant filed a Petition to Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (ECF 129) and Motion to Modify Terms and Conditions of Supervised Release (ECF 130).[1] The Defendant's motions are based on the Supreme Court's recent decision in *Fischer v. United States*, 144 S.Ct. 2176 (2024), which construed 18 U.S.C. § 1512(c)(2)(2). Stottlemyer contends that *Fischer* provides grounds to vacate her conviction. On July 2, 2024, the Court ordered the government to respond to both motions by July 9, 2024. (July 2, 2024 Minute Order.) The government moved for additional time to respond, which the Defendant opposed. (ECF 131, 132). On July 3, 2024, the Court granted the government's motion in part and ordered that the government respond to the Defendant's Motion to Modify Terms and Conditions of Supervised Release by July 9, 2024 and the Petition to Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 by July 30, 2024. (July 3, 2024 Minute Order.) On July 9, 2024, the government responded to the motion to modify supervised release conditions. (ECF 136.) The government opposed ending the Defendant's home detention entirely but did not object to expanding the Defendant's home detention perimeter and hours permitted outside of her residence. (*Id.*) On July 10, 2024, the Court ordered that the Defendant be permitted to "leave her residence, but remain on her property, for up to 16 hours per day for employment purposes." (July

---

[1] This is the Defendant's second motion for relief under 28 U.S.C. § 2255. The first, based on ineffective assistance of counsel (ECF 121), was withdrawn after the Court denied the Defendant's emergency motion for release from incarceration based on the underlying § 2255 motion (ECF 122). *See United States v. Stottlemyer*, 2024 WL 1076852 (D.D.C. March 8, 2024).

2

10, 2024 Minute Order.) The Defendant's underlying Petition To Set Aside Her Conviction and Sentence is now pending. The government requests additional time to respond to it. The parties have conferred, and the Defendant opposes the extension.

As the Court is aware, *Fischer* does not automatically invalidate all January 6 convictions under 18 U.S.C. § 1512(c)(2). In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Id*. at 2185. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* at 2190. The government is still evaluating *Fischer*'s impact on these and other defendants' cases. Responding to claims that convictions are invalid after *Fischer* will likely require a detailed, fact-specific review of the evidence in each case. And before reaching the merits of any Section 2255 claim, moreover, the government (and the Court) must first address threshold issues, including whether procedural default precludes claims and whether plea agreement waivers should preclude the right to collaterally attack a conviction. For these reasons, a 2255 motion invoking *Fischer* is not an open-and-shut presentation of a get-out-of-jail-free-card, and the government respectfully requests an additional 31 days to respond.

While the government continues to evaluate the legal framework regarding §2255 motions in the context of *Fischer*, it is nonetheless worth noting that the government's request for more time is understandably cabined by case law. Here, that the Defendant entered a plea, waiving certain collateral attacks, may be particularly dispositive. While *Fischer* may raise a substantial

3

question in some pending appeals (and perhaps in this case), this defendant unambiguously waived their right to file a collateral attack for consideration, and the government may choose to enforce that waiver. *See Khadr v. United States,* 67 F.4th 413, 420 (D.C. Cir. 2023), *cert. denied*, No. 23-720, 2024 WL 2262403 (U.S. May 20, 2024) ("Aware that the [] judge had rejected his theories, he nonetheless chose to plead guilty and expressly waive his right to appeal those erroneous (in his view) rulings. He cannot now have the merits of his waived claims reviewed on appeal by arguing his waiver was invalid because those claims were wrongly decided"); *see also Portis v. United States,* 33 F.4th 331 (6th Cir. 2022) ("[A] future defendant may . . . agree to waive collateral attacks on his conviction no matter what future developments in the law bring"); *Oliver v. United States*, 951 F.3d 841, 845 (7th Cir. 2020) ("one major purpose of an express waiver is to account in advance for unpredicted future developments in the law"); *United States v. Goodall*, 21 F.4th 555, 562 (9th Cir. 2021) ("When a defendant waives his appellate rights, he knows that he is giving up all appeals, no matter what unforeseen events may happen"); *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (statement of Kavanaugh, J., respecting the denial of certiorari); *see also* Mem. Order, *United States v. Secor,* No. 21-cr-157 (TNM), ECF No. 63, at 6 (D.D.C. July 12, 2024) (noting that January 6 defendant who pled guilty "waived his right to raise any such [Section 2255] motion in exchange for having his remaining charges—including other felonies—dismissed"). This case, of course, will necessitate its own independent and nuanced review.[2]

But in light of the recency of the *Fischer* decision, its ongoing litigation, and the complexity of issues *Fischer* has left unresolved, the request the United States is making is not unreasonable.

---

[2] This is not to say that the government will reflexively enforce all such waivers, but rather an explanation as to why it is appropriate to seek additional time to ensure that the government is consistent and accurate in its legal approach and strategic in its assessments, depending on the facts, the procedural history, and interests of justice in each case.

Similar requests have been made in other January 6 prosecutions which have included charges pursuant to Section 1512(c)(2).  Moreover, the attorney representing both Stottlemyer and her codefendant, Dale Shalvey, has maintained that "90 days" would be an appropriate amount of time for defense counsel "to determine the most appropriate vehicle to bring Mr. Shalvey's case before the Court to seek a remedy consistent with *Fischer*."  (ECF 139 at 4.)  While the United States will respond to that filing separately, defense counsel's claimed need for triple the time the United States requests in the instant motion to address the impact of a decision like *Fischer* is, if nothing else, further indication that the 31-day request in the instant motion is not an excessive demand.  Moreover, what the Court does in this case – even in light of a detailed, fact-specific response – is not done in isolation.  It is not remotely inappropriate or surprising that the Department speaks consistently and uniformly on issues of such import.

       This Court imposed a sentence including 24 months of supervised release; thus, there is little danger that the instant request for an extension will render the Defendant's petition moot.  The United States has not opposed relaxing the requirements of home detention as it evaluates its response to that petition.  And the United States submits that its motion is narrowly tailored to allow the government time to assess a position that will be both consistent and appropriate.

For these reasons, the United States respectfully requests an additional 31 days, until August 30, 2024, to respond to the Defendant's Petition to Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar No. 481052

By:    */s/ Kathryn E. Bolas*
        KATHRYN E. BOLAS
        Assistant U.S. Attorney
        NY Bar No. 5704234
        United States Attorney's Office
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-0872
        Kathryn.Bolas@usdoj.gov