UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00334-TJK |
| | ) | |
| **TARA STOTTLEMYER** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**OPPOSITION TO GOVERNMENT'S MOTION FOR ADDITIONAL THIRTY (30) DAY EXTENSION TO RESPOND.**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

The Government's motives here are transparent and reflect bad faith – Ms. Stottlemyer is continuing to serve a punitive portion of her sentence, and the Government is simply attempting to "run out the clock" to prevent her from realizing what little relief that might be available to her in a circumstance where her conviction and sentence might have been imposed in violation of her constitutional rights.

The Government claims that it just needs 31 more days before it will be able to respond. The Government does not suggest why this is so, as compared to what it has done in this regard during the previous 30 days, or the previous 7 months and 13 days since the Supreme Court agreed to hear the cert. petition of Joseph Fischer.

The Government has been "on notice" that it's theory of prosecution involving the use of Sec. 1512(c)(2) in cases arising out of January 6 was in doubt no later than December 13, 2023, when the Supreme Court granted Joseph Fischer's cert. petition.

By its very terms, Sec. 1512(c)(2) – when applied to proceedings before Congress – is an offense that can only be charged in the District of Columbia. Thus, the only Appeals Court from which a decision might ever be subject to Supreme Court review on the facts of January 6 was the Circuit Court of Appeals for the District of Columbia. This was not a situation where the Court might wait for more than one Circuit Court to express a view.

When the Court granted the cert. petition and agreed to hear the case of Joseph Fischer, given the circumstances the DOJ knew for certain that it's theory of prosecution was in question. If the Supreme Court thought the

*Fischer* decision by the Circuit Court was correct, it would have simply denied the petition – there would have been no need to "validate" a correct outcome in the only Circuit that might consider the question. The Supreme Court sent a very clear signal that the Circuit Court's decision on Joseph Fischer's case was likely incorrect by taking the very first case in which the question was presented.

That was 7 months and 12 days ago.  That is when DOJ should have – and almost certainly did – begin considering its options in the event it's interpretation of the reach of Sec. 1512(c)(2) was not sustained by the Court.

If the Government did not begin to consider that possibility on December 13, 2023, it was certainly unmistakable that a likely majority of Justices did not favor the Government's view during the *Fischer* oral argument on April 15. At the very beginning of the Solicitor General's argument the Chief Justice pointed out that the Court had issued a 9-0 opinion the prior week -- *Bissonette v. LePage Bakeries*, a civil case with a similar question of statutory construction -- contrary to the Government's position in *Fischer*.

That was 3 months and 10 days ago.

The Court issued its Opinion in Fischer on June 26 – 30 days ago.

Yet, even with seven months of time to consider its options, the Government says that it just another 31 days, then it will have an answer for the Court.

The Government knows the facts involving Ms. Stottlemyer's case.  If the Government has a theory as to how those facts can be construed to constitute "impairment' of some record, object or thing of evidentiary character with the

3

intent to obstruct an official proceeding, then let the Government set forth that theory now – not 31 days from now.  It has not lacked for time – it is stalling so as to not concede that it has no such theory on the facts as they relate to Ms. Stottlemyer's actions, and her conviction and sentence are based on a violation of her constitutional rights.

Tara Stottlemyer should not be forced to continue to serve a sentence of home detention when the legality of her sentence is in question, based on the Government's "need for more time."

Dated July 26, 2024                              Respectfully Submitted,

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*