**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **Case No. 21-cr-00334-TJK** |
| ) | |
| **TARA STOTTLEMYER** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |


**DEFENDANT TARA STOTTLEMYER'S CORRECTED REPLY TO**
**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE**
**JUDGMENT**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

The Government opposes relief for Ms. Stottlemyer on the alternative ground that she waived her right to bring this motion under the express terms of her plea agreement;  and alternatively if that waiver is overcome she cannot meet the "cause" and "prejudice" standards for relief on a "defaulted error" due to her failure to raise this issue on direct appeal.

### 1. The Waiver Set Forth In the Plea Agreement is Invalid Because the Plea Was Not Entered Knowingly and Intelligently.

In *Bousley v. United States*, 523 U.S. 614, 618 (1988), the Supreme Court reaffirmed its earlier holding in *Brady v. United States*, 397 U.S. 742, 748 (1970) that a plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent," and that a plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U. S. 329, 334 (1941).

The facts of Bousley are by now well known. The defendant pled guilty to a violation of 18 U.S.C. Sec. 924(c)(1), having been charged with "using" a firearm during and in relation to a drug trafficking crime. After not filing an appeal with regard to the 924(c) charge, Bousley later filed a Sec. 2255 petition that was denied, and he then appealed that denial. While his appeal was pending, the Supreme Court decided in *Bailey v. United States*, 516 U. S. 137 (1995) that "using" a firearm under Sec. 924(c) required "active employment" of the weapon, and mere possession – the facts in *Bousley* -- was insufficient to sustain a conviction. A claim based on Bailey was added to his pending appeal,

but the Appeals Court affirmed the District Court's dismissal of his Sec. 2255 petition.

The Supreme Court reversed notwithstanding the fact that the defendant in *Bousley* had procedurally defaulted the claim his Sec. 924(c) claim by not raising the issue on direct appeal or even in the Sec. 2255 petition that led to the appeal that was pending when *Bailey* was decided.  The basis for the reversal was the failure of the defendant to be adequately advised of the elements of the Sec. 924(c) offense, thereby making his guilty plea not knowing and intelligent. In addition, the defendant in *Bousley* made a sufficient showing of "actual innocence" to negate the need to show "cause" and "actual prejudice" for his procedural default, and to warrant a hearing on his Sec. 2255 petition raising a *Bailey* claim in the District Court. As was the case of the defendant in *Bousley*, Defendant Stottlemyer's guilty plea was was not knowing and intelligent. She was not accurately informed of the elements of the § 1512(c)(2) offense to which she was pleading guilty as neither she, her counsel, nor this Court correctly understood the elements of that crime, as they have now been made clear in *Fischer v. United States*, 63 U.S.____ (2024).[1]

On that basis, the waivers in the plea agreement are not a barrier to Defendant Stottlemyer's effort to obtain relief pursuant to Sec. 2255.

**2. Defendant Stottlemyer Is Factually Innocent of the Charge to Which She Entered A Guilty Plea.**

---

[1] Defendant Stottlemyer acknowledges that she did not raise the issue of whether her guilty plea was knowingly and intelligently made in her Petition.  The Government has now opposed her Petition on the basis of the waiver in the written plea agreement and the plea colloquy done by the Court. This brings the validity of the plea agreement into the matter. Because she is raising this issue for the first time in the Reply, Defendant Stottlemyer has no objection to the Government filing a sur-reply to respond to this claim.

Defendant agrees that the standard for determining "cause" and "actual prejudice" is accurately set forth in the Government's Opposition, and she concedes that the issue raised here was procedurally defaulted by having failed to raise it on direct appeal.

Defendant also concedes that seeking relief under Sec. 2255 from a conviction that rests on a guilty plea is an extraordinary circumstance that is in almost all instances foreclosed by court precedent.

But, as this Court knows, the Government's use of 18 U.S.C. Sec. 1512(c)(2) under the facts of the events of the day on January 6, 2021, was unprecedented. The fact that the events of the day were unprecedented does not justify the use of a new and novel application of a criminal statute in the manner that has now been rejected by the Supreme Court.

As the Supreme Court made plain in Fischer, the factual basis for a conviction under Sec. 1512(c)(2) must include some form of *evidence* impairment. The evidence can be physical – documents or records – or take "other" form such as testimony. But the document, record, object, or other evidence in question must have been destined for use in the official proceeding. To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

The proffer of evidence by the Government in its Opposition -- beyond the admissions made by Defendant Stottlemyer in the Statement of Offense -- does not identify any document, record, object or other thing that was impaired or

that Defendant Stottlemyer attempted to impair. It is not factually sufficient to say she was one of a group of individuals on the Senate floor who looked through documents on a Senator's desk – it must show that whatever documents or objects were involved, those documents or objects were to be "used in the proceeding…." Without being able to identify what the documents or objects were, the Government cannot establish that the objects were intended to be used in the proceeding.

### 3.  A Charge Under 18 U.S.C. Sec. 372 Was Not Part of the Plea Bargaining Process, and It Would Not Be A "More Serious" Offense As Required by *Caso*.

The Government overstates the holding in *United States v. Caso*, 723 F.3d 215 (D.C. Cir. 2013).  The Government cites *Caso* for the proposition that "The charges need not have ever actually been brought to be considered forgone." But the cite to *Caso* is to a three-page section of the opinion – p. 219-21 – as support for this single sentence in its Opposition.

The Court did not say that in *Caso*.  In fact, while the Defendant in *Caso* raised the issue, the Court determined it was not necessary to resolve the question of what was meant by the Government having forgone other charges in the plea bargaining process.

Any such claim made by the Government here would be specious. In *Caso* the Court found there was evidence in the record of the Government having opted to not charge a Sec. 1001 offense against the defendant in favor of charging a Sec. 371 count that he pled guilty to as a result of the plea bargain agreed to by the parties.   There is no such evidence here.

Nor can the Government marshal any evidence that it has seriously considered charging Sec. 372 conspiracy counts in cases related to January 6. Out of the hundreds of cases the Government has charged, there are only a handful of cases – based on unique facts (including both the Proud Boy leadership case and the two main Oath Keeper cases) – where the Government has charged Sec. 372 conspiracy counts. It is only now substituting Sec. 372 conspiracy counts in place of Sec. 1512(k) counts where the facts permit.

Defendant Stottlemyer pled guilty to the only felony charge brought against her.  The remaining charges that the Government dismissed as part of the plea agreement were all misdemeanors.  Based on *Caso*, Defendant Stottlemyer's actual innocence claim is not precluded by other more serious charges which the Government opted to not bring against her.

Dated: August 26, 2024                    Respectfully Submitted,

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*